COLONY LIQUOR DISTRIBUTORS, INC., Appellant, v. JACK DANIEL DISTILLERY-LEM MOTLOW PROP., INC., et al., Respondents.

Third Department, December 18, 1964.

*Jack Goodman* for appellant.

*N. Le Van Haver* and *Richard Overbagh* for respondents.

AULISI, J.   This is an appeal by plaintiff from a judgment of the Supreme Court, Ulster County, entered on September 16, 1964, which denied injunctive and other relief requested by plaintiff and granted judgment to defendants.

Colony Liquor Distributors, Inc., operates as a liquor wholesaler and distributor in a 21-county area of northeastern New York.   It is the exclusive distributor for 95% of the items it handles and has been for most of these products since 1933. It has offices and warehouses in Albany and Kingston as well as maintaining a sales force and fleet of trucks.   In 1952, appellant's president initiated negotiations with the Jack Daniel Distillery and was eventually contacted by a Mr. Berger who was midwest regional manager of the sales organization for Jack Daniel's.   A series of telephone conversations and letters between appellant and Mr. Berger followed.   Thereafter, appellant began ordering, distributing and promoting Jack Daniel's in its territory.

Appellant acted as exclusive distributor for Jack Daniel's from 1952 to 1963 throughout its 21-county area where the product had not been previously sold.   The sales records showed steady growth and appellant co-operated with all promotional suggestions and requirements.   In August of 1956, Mr. Berger died and at his funeral appellant learned that Jack Daniel Distillery was to be sold to Brown-Forman Distillers Corporation.

At that time, appellant's president, after voicing concern, was informed that no change in their relationship was contemplated. Appellant's sales still showed steady growth although its supply has been allocated since 1956. On December 18, 1963, appellant was informed that after January 31, 1964, it would no longer be distributor for Jack Daniel's. Whereupon, appellant, after fruitless negotiations, commenced this action whereby the distributorship has been continued pending final determination of the litigation.

There was never any written agreement between the parties involved. Appellant's president and sales manager testified as to the oral agreement made with Mr. Berger. They stated that appellant was to have an exclusive distributorship in its territory for as long as the appellant's record of performance in promoting and selling Jack Daniel's was satisfactory. Mr. Berger having passed on, no confirmation or contradiction by respondent was possible. Although Mr. Berger's authority to negotiate such an agreement was not conceded, Jack Daniel's did enter into a regular course of business with appellant. It was conceded, however, that a contract was made and that it included an exclusive distributorship. The crucial issue, therefore, becomes the duration of this exclusive distributorship. Appellant contends that the contract continues as long as it performs satisfactorily. Respondents urge that because no definite termination date was originally fixed the contract is terminable by either party at will or by giving reasonable notice. Respondents' argument was accepted by the trial court.

The uniqueness of the Jack Daniel's product makes it valuable not only for its own sales but because of its desirability and short supply it acts as a "door opener" for the other products of both appellant and respondents. This line amounts to 25% of respondent Brown-Forman's sales and it wishes to give said line to the distributor who carries its other products. Jack Daniel's products amounted to only 1⅓% of appellant's sales, while appellant claims a gross profit of $95,000 for the 12 years it has handled this line. Appellant participated in numerous sales campaigns and received from respondents constant correspondence and public utterances which assured a long-term association.

It is our opinion that the circumstances of this case show the contract entered into between the parties was to be for a reasonable duration and was therefore terminable upon reasonable notice. This is consistent with the weight of authority as to duration of a contract involving more than an agency or

employment relationship (*Jack's Cookie Co.* v. *Brooks*, 227 F. 2d 935, 938–939; 4 Williston, Contracts [rev. ed.], § 1027A, subd. [3]; Restatement, Agency, § 442, comment *c*). A contract which by its circumstances shows it is to be of a reasonable duration is not terminable at will (*Hammond* v. *C. I. T. Financial Corp.*, 203 F. 2d 705). The respondents' own statements and pronouncements professing " our mutual effectiveness ", " constructive, long-range thinking by all of us " and " a partnership * * * working together for their mutual benefit " belie any argument that the agreement was terminable at will. The record discloses no compelling reason to sustain appellant's claim that the contract remains binding during satisfactory performance. Therefore, since no duration was expressed, the contract's termination was to be upon reasonable notice after a reasonable duration (*Millett Co.* v. *Park & Tilford Distillers Corp.*, 123 F. Supp. 484; *San Francisco Brewing Corp.* v. *Bowman*, 52 Cal. 2d 607); and not, as concluded by the trial court " either at will or by the giving of reasonable notice." We believe that upon the circumstances in the instant case — the relative per cent of sales which Jack Daniel's comprises for each party, the product's uniqueness and importance in benefiting other sales, the 12-year period the agreement has been in effect plus nearly a year's extension through court action, appellant's investment in reliance upon the contract, and the profits and benefits already received and to be contemplated — that reasonable notice will be deemed to be the further period ending August 3, 1965.

The judgment should be modified.

GIBSON, P. J., REYNOLDS, TAYLOR and HAMM, JJ., concur.

Judgment modified, on the law and the facts, so as to provide that plaintiff be granted the relief prayed for in the complaint for and during the period extending to August 3, 1965, and as so modified, affirmed, with costs, and case remanded for the entry of a judgment in accordance herewith. Settle order on notice.

[Decision amended as of Jan. 11, 1965]