■ OMEGA PRECISION HAND TOOLS, INC., Respondent, v H. ALPERS & ASSOCIATES, INC., Appellant.—In an action for a judgment declaring an exclusive distributorship agreement unenforceable or, alternatively, declaring the agreement terminable by plaintiff on reasonable notice to defendant, in which defendant counterclaimed for specific performance, an accounting and damages for breach of contract, defendant appeals from an order-judgment (one paper) of the Supreme Court, Queens County, entered October 11, 1974, which granted plaintiff's motion for summary judgment, declared *inter alia* that plaintiff effectively terminated the agreement and dismissed the counterclaim. Order-judgment affirmed, with $20 costs and disbursements. Appellant could have withdrawn at any time as respondent's distributor and could have ceased its efforts in plaintiff's behalf without subjecting itself to any liability. Therefore, the agreement must be deemed to confer upon respondent the same right to terminate *(Rubin v Dairymen's League Co-op. Assn.,* 284 NY 32). No issue was raised as to the reasonable duration of the distributorship arrangement or as to the sufficiency of respondent's notice of termination (cf. *Colony Liq. Distrs. v Daniel Distillery,* 22 AD2d 247). Furthermore, the right to unilaterally terminate the agreement impliedly included the right to unilaterally insist upon modifications. Thus, respondent's 1971 proposals for modification of the commission schedule contained in the original 1968 agreement were, in effect, really notices of termination of that agreement and offers for a new agreement. Since, concededly, appellant did not protest the modifications and the parties operated thereunder for two years prior to respondent's termination of the entire agreement, appellant's purported counterclaim for alleged pretermination breach of contract, based upon these "unilateral" modifications, raised no material questions of fact and must fall, as a matter of law, along with its claim of a breach by reason of the 1973 unilateral termination. Nor was summary judgment precluded merely because appellant counterclaimed for an amount in excess of plaintiff's claim. The mere assertion of a counterclaim, unsupported by proof that it is meritorious, does not bar relief to a plaintiff who is otherwise entitled to summary judgment *(M & S Mercury Air Conditioning Corp. v Rodolitz,* 24 AD2d 873). Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.

■ OPERATIVE GREENWALD BAKERY CORP., Respondent, v YOSS BROTHERS BAKING CORP. et al., Defendants, and DAVID FISCHLER, Appellant.—In an action upon promissory notes, defendant David Fischler appeals from so much of an order of the Supreme Court, Kings County, dated March 18, 1975, as denied his cross motion for summary judgment. Order affirmed insofar as appealed from, with $20 costs and disbursements. The record presents an issue of fact requiring a trial. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.