■ RICHARD F. PECKHAM, Respondent-Appellant, v CAROL T. PECKHAM, Appellant-Respondent, et al., Defendant. — Cross appeals from an order of the Supreme Court at Special Term (Hughes, J.), entered August 18, 1982 in Schenectady County, which, *inter alia,* granted partial summary judgment to plaintiff on his first and second causes of action, ordered a hearing on the issue of damages on the second cause of action, and held the entry of summary judgment in abeyance pending determination of defendant Carol Peckham's counterclaim. Plaintiff Richard Peckham and defendant Carol Peckham were divorced on January 12, 1978. During the divorce proceedings, the parties stipulated in open court to the terms of their agreement concerning the disposition of the marital residence. That stipulation, later reduced to writing, provided that plaintiff would deed his interest in the marital home to defendant, who would assume the then-existing mortgage with Schenectady Savings Bank. The agreement also specified that the wife would issue to the husband a second mortgage, evidencing a $12,000 obligation, which would be payable upon either her remarriage, her sale or transfer of the home, or on September 15, 1981. This lawsuit arises from the husband's attempt to foreclose on the mortgage, the date of September 15, 1981 having passed. After attempting to satisfy the mortgage without court action, he instituted this suit, alleging two causes of action. The first demanded payment of the mortgage, together with interest. The second demanded rent of $300 per month for each month defendant was in default. In her answer, defendant pleaded a counterclaim alleging fraudulent procurement of the mortgage due to false representations by plaintiff regarding his earnings. She also claimed that a transfer of the mortgage by plaintiff to Pell R. Sparks, and the subsequent retransfer back to plaintiff, was a fraud perpetrated by the husband in order to mislead the court during a support hearing in 1980. Plaintiff denied any such fraud. Plaintiff subsequently filed a motion for summary judgment. Special Term granted plaintiff summary judgment on the first cause of action for foreclosure of the mortgage. It also granted partial summary judgment as to liability on the second cause of action for reasonable rental value, but ordered a hearing to determine damages. Finally, pursuant to CPLR 3212 (subd [e], par 2), Special Term held the entry of summary judgment in abeyance pending the determination of defendant's counterclaim. Defendant appeals from Special Term's order in its entirety and plaintiff cross-appeals that part of the order which held summary judgment in abeyance. After conducting a careful review of the record, it is our opinion that Special Term correctly granted plaintiff summary judgment upon his first cause of action. Further, we find no error with respect to Special Term's decision to grant summary judgment as to liability upon plaintiff's second cause of action, and to order a hearing to determine damages. However, in our opinion, Special Term erred in holding entry of summary judgment in abeyance pending determination of the counterclaim. It is well established that the mere assertion of a counterclaim, unsupported by proof that is in some way meritorious,

will not bar summary judgment and should not result in an order holding entry of the judgment in abeyance (*Omega Precision Hand Tools v Alpers & Assoc.,* 49 AD2d 885; *M & S Mercury Air Conditioning Corp. v Rodolitz,* 24 AD2d 873, affd 17 NY2d 909; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.17). In this regard, a review of the record reveals that defendant has entirely failed to come forth with proof to support her claim of fraud. This being the case, there exists no impediment to the entry of summary judgment. Having reached this conclusion, it is unnecessary to address plaintiff's other contentions. Order modified, on the law and the facts, by deleting so much thereof as held entry of summary judgment in abeyance pending determination of the counterclaim, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.