■ Louis N. Fargnoli, Respondent, v Marie Iacovelli et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Tait, Jr., J.), entered March 24, 1983 in Broome County, which granted plaintiff's motion for summary judgment. Defendant Marie Iacovelli leased a building owned by plaintiff in order to establish a restaurant therein on August 3, 1981. On August 4, 1981, plaintiff loaned defendant $6,000 as start-up money to outfit the premises and defendant executed a promissory note to plaintiff for that amount. On August 28, 1981, plaintiff loaned defendant an additional $20,000 and defendant executed a second note to plaintiff for that amount. On August 31, 1981, defendant executed a mortgage encumbering her residence as security for the $20,000 loan. The mortgage was recorded on September 29, 1981. On December 4, 1981, defendant executed a second mortgage for $5,000 encumbering the same premises, which was recorded on December 10, 1981. The two mortgages were consolidated on December 4, 1981 into one agreement covering the total outstanding debt. Defendant defaulted on the mortgages on February 1, 1982. On September 27, 1982, defendant deeded the mortgaged premises to her son, defendant David G. Iacovelli. The deed was recorded on October 8, 1982. The mortgage consolidation agreement was recorded on November 16, 1982. Plaintiff sought summary judgment of foreclosure of the mortgages, sale of the premises and a deficiency judgment against defendants. The supporting documents on the motion include the bonds and mortgages, notes, an affidavit by plaintiff alleging default by defendant Marie Iacovelli and transfer by her of the mortgaged premises by deed to her son subsequent to the execution of the mortgages. Defendant Marie Iacovelli does not deny the execution of the notes and mortgages to secure loans made to her by plaintiff and her default thereon. Nor does she allege that she did not know the legal nature of these documents and their legal consequences. Her allegations of fraud all relate to the start-up of defendant's restaurant on premises leased by her from plaintiff. Defendant's affidavit alleges that it was at plaintiff's insistence that she borrowed $6,000 from him to commence a restaurant business, that plaintiff overcame her reluctance to borrow by his pitch that the business prospects of the restaurant were good, and that the premises were in compliance with city codes and could be opened by Labor Day with the amount of money she had initially borrowed. She contends that in fact, it cost $18,000 to prepare the place to open and that she was forced to borrow an additional $20,000 from plaintiff and opened a month later than expected. Defendant further alleges that she was informed that she would have 10 years to pay off

the loan and did not realize that it was callable after six months by its terms. Defendant also alleges that she was unduly influenced by plaintiff and his attorney in getting her to acquiesce to the loans and mortgages because she was naive and did not have independent counsel to advise her. Special Term held that defendants' answer and supporting affidavit failed to raise any factual issues requiring trial. The court held that allegations of purported fraud related to the lease arrangement between the parties and not to the execution of mortgages which occurred subsequently. The allegation of undue influence was also found to be totally unsubstantiated. Defendants' general conclusory statements were insufficient to support this claim. There must be an affirmance. To defeat a motion for summary judgment, an evidentiary showing that questions of fact exist on an issue which defendant is entitled to litigate is indispensable. There was a failure by defendant to raise such factual issues here (see *Leumi Fin. Corp. v Richter,* 24 AD2d 855; see, also, *Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112). Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.