■ RICHARD R. CARADONNA, Appellant, v CUNNINGHAM, SPONZO AND ARSENEAU, M. D.s, P. C., Respondent.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered February 4, 1985 in Albany County, which denied plaintiff's motion for summary judgment in lieu of a complaint.

In February 1980, plaintiff joined with two other physicians in forming defendant, a professional corporation for the practice of medicine in the speciality of oncology. A stock redemption agreement was entered into requiring defendant to make certain payments to a withdrawing shareholder. In October 1980, the same three physicians entered into a partnership for the purpose of acquiring office and medical equipment and leasing this equipment to defendant for use in the latter's medical practice. Each partner contributed $30,000 to the partnership. The partnership agreement provided that, upon withdrawal by a partner, if his net partnership interest had a negative value, he would be indebted to the partnership in that amount. For the purpose of determining such net partnership interest, the physical assets of the partnership were to be valued at book or market value, whichever was greater. The agreement also provided for arbitration of disputes upon the demand of any party.

In October 1982, plaintiff withdrew as a shareholder of defendant and, in May 1984, pursuant to the redemption agreement, defendant issued a promissory note to him for his shares in the principal sum of $29,332.30, payable in eight monthly installments of principal and interest totaling $3,666.54 each, commencing July 1, 1984. The note further provided for acceleration of the entire unpaid or principal balance due in the event of a default.

Some three months after his retirement as a shareholder in defendant, plaintiff gave notice of his withdrawal from the partnership. At the time of his withdrawal, his net partnership interest, based upon the *book* value of partnership assets under the partnership's depreciation schedule, would have reflected a deficit of $7,291. Defendant made initial payments to plaintiff on the promissory note but, in August 1984, it

notified plaintiff that he owed the partnership $7,291 by reason of his withdrawal from the partnership, that the partnership had assigned this claim to defendant, and that defendant intended to offset that amount against its indebtedness under the promissory note.

When defendant failed to make the installment payments on the promissory note equivalent to the allegedly assigned indebtedness, plaintiff brought the instant motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, to recover the full outstanding balance of principal and interest due on the note. Defendant's papers in opposition to plaintiff's motion did not dispute the validity of the note or that plaintiff's action based thereon was appropriate for relief via a motion under CPLR 3213. Rather, defendant set up a counterclaim based upon the foregoing assigned indebtedness that plaintiff allegedly owed as a result of his withdrawal from the partnership. Special Term denied plaintiff's motion, holding that outstanding issues of fact regarding the debt owed by plaintiff to the partnership, composed as it was of the members of which were principals in defendant to whom that obligation was assigned, precluded granting summary judgment. This appeal by plaintiff ensued.

In our view, the existence of defendant's counterclaim was not a sufficient basis for denial of plaintiff's motion for summary judgment under CPLR 3213, to which defendant has no other defense. No exceptions exist here to the general rule under which defendant had no right to offset the claim assigned to it by the partnership against the payments due plaintiff under the promissory note (see, 43 NY Jur, Payment, § 39, at 479; see, Maglich v Saxe, Bacon & Bolan, 97 AD2d 19, 23, appeal withdrawn 61 NY2d 906). Moreover, although defendant paid all installments on the note subsequent to its offset of the full amount of the assigned indebtedness, defendant's counterclaim cannot exceed the total amount presently due under the note. Without proof in the record that the present market value of the partnership's assets was less than their depreciated book value, as provided in the partnership agreement, any debt plaintiff owes to the partnership remains unliquidated. The counterclaim is itself not ripe for summary judgment and, therefore, if separate and unrelated, the existence of the counterclaim would not defeat plaintiff's CPLR 3213 motion (see, Parry v Goodson, 89 AD2d 543, 544).

We are unpersuaded by defendant's argument that the relationship between the counterclaim and plaintiff's cause of action precludes the granting of summary judgment. The

underlying stockholders' redemption and partnership agreements out of which the competing claims arose were separate transactions, entered into at separate times, involving different entities and subject matters. To the extent that the parties to the two instruments overlap, they were acting in different capacities in the two transactions. There is no showing here that defendant's obligations under the redemption agreement and the promissory note given pursuant to its terms were induced by plaintiff's undertakings under the partnership agreement. Any breach by plaintiff of the partnership agreement would not, as a matter of law, constitute a defense to plaintiff's action on the promissory note. Therefore, a counterclaim based upon such breach does not preclude granting plaintiff's motion (see, Logan v Williamson & Co., 64 AD2d 466, 470, appeal dismissed 46 NY2d 996).

The counterclaim is separate, unliquidated, does not exceed plaintiff's demand for relief and, additionally, is subject to resolution in an entirely different forum if any party to that dispute demands that it be submitted to arbitration. Under all of the foregoing circumstances, plaintiff's motion should have been granted (see, Maglich v Saxe, Bacon & Bolan, supra; Logan v Williamson & Co., supra; Ballantine & Sons v Boston Celtics Basketball Club, 36 AD2d 914). Defendant should plead his counterclaim in a formal pleading (see, CPLR 3213). No stay of entry or execution on plaintiff's judgment is required while defendant attempts to establish its claim.

Order reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff for the unpaid principal balance of the promissory note, plus interest; defendant's counterclaim severed and defendant, if so advised, may plead its counterclaim within 20 days after service of a copy of the order to be entered upon this decision with notice of entry. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.