■ POLYGLYCOAT CENTER OF CONNECTICUT, INC., Respondent, v ARACE'S FORD, INC., Appellant.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered February 7, 1986 in Rensselaer County, which, *inter alia,* granted plaintiff's motion for summary judgment.

Plaintiff commenced the instant suit to recover some $2,650 allegedly owed it for rustproofing materials sold and delivered to defendant, a car dealership. Defendant answered, alleged the affirmative defense that plaintiff was not the real party in interest, and asserted as a counterclaim that as a result of plaintiff's failure to supply defendant with written guarantees for the rustproofing materials, defendant was unable to deliver guarantees to his customers and, therefore, had to re-rustproof 50 cars with another material at a cost of $5,000. Plaintiff then served defendant with written interrogatories regarding the affirmative defense and counterclaim. Defendant failed to adequately respond to or furnish the documentation requested, and on plaintiff's motion Special Term limited defendant in its proof at trial to its responses to the interrogatories. Thereafter, plaintiff moved to amend its complaint to request counsel fees and interest as provided in its sales invoices with defendant, and for summary judgment. Special Term granted the motion in its entirety. We now affirm.

In opposition to plaintiff's motion for summary judgment, it was incumbent upon defendant to come forward with evidentiary proof in admissible form to establish the existence of an issue of fact necessitating trial or to demonstrate an acceptable excuse for failure to do so *(Zuckerman v City of New York,* 49 NY2d 557, 560; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). Defendant's submission of its attorney's affidavit was not sufficient to meet this burden or to bar the grant of summary judgment *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 968; *Zuckerman v City of New York, supra,* pp 562-563). Moreover, even had Special Term considered defendant's responses to plaintiff's interrogatories on the motion (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.11), those responses consisted of conclusory allegations which were likewise insufficient to preclude summary judgment.

We are similarly unpersuaded by defendant's contention that the existence of its counterclaim precluded the granting of summary judgment. Defendant did not offer any evidentiary facts to support the counterclaim and was limited in proof at trial on the counterclaim to its responses to plaintiff's interrogatories. "[T]he mere assertion of a counterclaim, unsupported by proof that is in some way meritorious, will not bar summary judgment and should not result in an order holding entry of the judgment in abeyance" *(Peckham v Peckham,* 97 AD2d 578, 579).

Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.