■ TERRENCE FREDERICK, Respondent, v JOSEPH THOMAS, Appellant, and RAYMOND J. JEROME JR., et al., Respondents, et al., Defendants. (And a Third-Party Action.)—Mercure, J. Appeals (1) from an order of the County Court of Saratoga County (Williams, J.), entered July 6, 1990, which, *inter alia,* granted a motion by defendants Raymond J. Jerome Jr. and Elaine T. Jerome to appoint a Referee to ascertain the amount due said defendants on a note and mortgage, and (2) from an order of said court, entered July 12, 1990, which, *inter alia,* granted plaintiff's motion for partial summary judgment against defendant Joseph Thomas.

Plaintiff, defendant Linda Le Blanc and Waterways North, Inc. conveyed to defendant Joseph Thomas (hereinafter defendant) and J. Thomas, Inc. the real property and business of the Clamsteam Tavern, located in the Town of Halfmoon,

Saratoga County. In connection with the sale, defendant assumed an existing mortgage to defendants Raymond J. Jerome Jr. and Elaine T. Jerome and executed separate mortgages on the property to plaintiff and Le Blanc. Plaintiff brought this action to, *inter alia,* foreclose his mortgage. In his answer, defendant denied the essential allegations of the complaint and asserted four counterclaims against plaintiff, cross claims against Le Blanc and third-party causes of action against Waterways. In their answer to the complaint, the Jeromes, *inter alia,* asserted a cross claim against defendant seeking an answer to the cross claim and foreclosure and sale of their senior mortgage. Upon defendant's failure to serve an answer to the cross claim, the Jeromes moved for an order appointing a Referee to compute the amount due on their mortgage. Defendant cross-moved for an order compelling the Jeromes to accept his late answer. Plaintiff then moved for summary judgment on his mortgage foreclosure action and severance of the contract action alleged in the complaint and the causes of action asserted in defendant's counterclaims. County Court granted the Jeromes' motion and plaintiff's motion and denied defendant's cross motion. Defendant appeals.

There should be an affirmance. We find no error in County Court's grant of the Jeromes' motion for appointment of a Referee to compute and denial of defendant's motion to compel acceptance of a late answer to the Jeromes' cross claim. CPLR 3011 provides that there shall be an answer to a cross claim that demands one. Here, the ad damnum clause of the cross claim contained a demand for an answer which, contrary to defendant's assertion, was clear and unequivocal *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3011:8, at 629-630). Under the circumstances, County Court acted within its sound discretion in rejecting defendant's excuse for the delay and denying the motion to compel acceptance of the answer *(see,* CPLR 3012 [d]; *Special Prods. Mfg. v Douglass,* 159 AD2d 847, 848).

Further, in view of defendant's failure to demonstrate a bona fide defense to plaintiff's mortgage, County Court was correct in granting plaintiff's motion *(see, Northeast Sav. v Rodriguez,* 159 AD2d 820, 821, *mod* 162 AD2d 749, *appeal dismissed* 76 NY2d 889). We reject the contention that the relationship between defendant's counterclaims and plaintiff's foreclosure cause of action precluded the grant of partial summary judgment and severance of the counterclaims. Initially, no merit has been shown to the counterclaims *(see,*

*Peckham v Peckham,* 97 AD2d 578, 578-579). Moreover, the claims that plaintiff (1) failed to provide defendant with promised assistance in obtaining a liquor license, (2) "performed a catering service for a function and used the name Clamsteam Restaurant" without authorization, (3) defamed defendant by publicly accusing him of not paying his bills, and (4) failed to provide promised assistance in the transition of ownership of the property, do not constitute defenses to and are by no means inseparable from the foreclosure action. The first and second counterclaims allege violations of the contract of sale subsequent to the transfer of title and defendant's execution of the note and mortgage to plaintiff and the third counterclaim bears no relationship to either the contract of sale or note and mortgage *(see, Northeast Sav. v Rodriguez, supra; Spielman v Acme Natl. Sales Co.,* 159 AD2d 918, 919; *Caradonna v Cunningham, Sponzo & Arseneau,* 118 AD2d 1031, 1033; *Fargnoli v Iacovelli,* 98 AD2d 880, 881). Finally, to the extent that the fourth counterclaim alleges fraudulent inducement of the contract of sale and, consequently, the note and mortgage, its conclusory allegations fail to state a cause of action *(see,* CPLR 3016 [b]; *Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 31-32; *Peckham v Peckham, supra).*

Mahoney, P. J., Levine, Crew III and Harvey, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.