■ STEPHEN VINCIGUERRA, Appellant, v NORTHSIDE PARTNERSHIP et al., Respondents.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 3, 1991 in Albany County, which denied plaintiff's motion for summary judgment in lieu of complaint.

In December 1987, pursuant to an option agreement, defendants purchased certain real property located in the Town of Clifton Park, Saratoga County, from plaintiff's wife and niece (hereinafter the sellers). The option agreement provided that if allowance of the erection of a proposed shopping center on the property was conditioned on construction of an access road, the sellers would contribute one half the cost of building such road.

At closing, defendants executed a purchase money mortgage and note in favor of the sellers. At defendants' request, however, the note and mortgage were not filed, but were returned in exchange for a promissory note in favor of plaintiff; the note was in the amount of $1,040,000, with interest at 12%, and was payable approximately 16 months later. Defendants desired to have the transaction structured in this manner so that they could "honestly say to the primary construction financing institution that [they] had clear, unencumbered title to the property".

As of January 1989 the unpaid principal on the note was $354,735.22. At that time, defendants tendered a check to plaintiff in the amount of $56,485.35, representing the balance due on the note less the amount they contend represents the sellers' share of the cost of constructing the access road. The check, marked "payment in full 12/23/87 note," was rejected by plaintiff and full payment was demanded, but was not forthcoming.

Plaintiff then moved, pursuant to CPLR 3213, for summary judgment on the note. Defendants cross-moved for an order dismissing or, alternatively, denying plaintiff's motion, claiming that consideration for the note was lacking because of the sellers' failure to pay their half of the road construction cost and that this constituted a complete defense to plaintiff's claim. Supreme Court found that plaintiff acted as the sellers'

agent during the transaction, and that defendants' counterclaim and offset of approximately $319,000, the sellers' share of the cost of constructing the access road, was directly related to the cause of action sued upon. Plaintiff's motion was denied and he was directed to serve a complaint. This appeal followed.

Generally, a counterclaim that does not itself meet the criteria of CPLR 3213 should not be allowed to obstruct a claim brought thereunder (Harris v Miller, 136 AD2d 603; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:17, at 514). The counterclaim asserted here is far from clear and obviously not liquidated, for it presents questions of fact regarding the expenditures involved in the road construction; hence, it is not a proper matter for summary adjudication. However, a counterclaim that arises out of the same transaction and is "inseparable" therefrom may be interposed, regardless of its amenability to summary judgment (see, Lackmann Food Serv. v E & S Vending Co., 125 AD2d 366). Defendants maintain that circumstance exists here. They contend that their claim is inseparable from plaintiff's right to payment on the note because failure of consideration constitutes a complete defense to the claim, which may be asserted against the plaintiff because he is not a holder in due course, and because the sellers' promise to share the cost of constructing the access road induced them to purchase the property.

These contentions lack merit. It is apparent from the undisputed details of the transaction that the note was given by defendants in exchange for the return of the note and mortgage by the sellers, for the property itself, or for both. Defendants do not argue that they did not receive good title to the property. There is therefore no basis for their asserted defense of lack of consideration.

Nor is defendants' counterclaim involving the road construction cost sufficiently tied to their obligation under the note to constitute a valid basis for denying plaintiff's motion. Although the counterclaim is related to plaintiff's claim in that it arose out of the same general transaction, it does not represent a defense to that claim (see, Logan v Williamson & Co., 64 AD2d 466, 470, appeal dismissed 46 NY2d 996). Rather, the counterclaim stems from a promise made by the sellers when they executed the option agreement. Their promise to pay part of the road construction costs if certain conditions were met is not inseparable from the purchase transaction, wherein the note was exchanged for the land

itself *(see, Grasso v Shutts Agency,* 132 AD2d 768, 769, *appeal dismissed* 70 NY2d 797). Moreover, having deliberately structured the transaction in such a way as to derive benefit from the fact that a separate note, unconnected to the property itself, was given in favor of plaintiff, rather than the sellers, it ill-behooves defendants to now argue that the note should be treated as though it were more closely connected to the property and to the sellers' obligations.

Even if we were to assume that plaintiff and the sellers are, in fact, one and the same, and that the option agreement, the sale of the property and the note are in essence a single transaction, a contract breach which occurred subsequent to the transfer of title does not constitute a defense to defendants' obligation to pay on the note *(see, Frederick v Thomas,* 174 AD2d 860, 862).

Mikoll, J. P., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and summary judgment awarded to plaintiff for the unpaid principal balance of the promissory note, plus interest; defendants' counterclaim severed and defendants, if so advised, may plead their counterclaim within 20 days after the date of this Court's decision.