■ JEFFREY GELMIN, Appellant, v SEQUA CAPITAL CORPORATION, Respondent. [707 NYS2d 108] —In an action, *inter alia,* pur-

suant to General Obligations Law § 5-511 (2) for a judgment declaring that a promissory note executed by the plaintiff in favor of the defendant is void, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered September 10, 1998, which, upon an order of the same court, dated February 19, 1998, granting the defendant's motion, among other things, for summary judgment on its second counterclaim to recover on a guaranty executed in its favor by the plaintiff, is in favor of the defendant and against him in the principal sum of $200,000 on the guaranty and $100,000 for an attorney's fee.

Ordered that the judgment is affirmed, with costs.

The defendant established its prima facie entitlement to summary judgment on its second counterclaim against the plaintiff (*see, O'Brien v O'Brien,* 258 AD2d 446; *Hunter v McDowell,* 254 AD2d 460; *George L. Penny, Inc. v Zaweski,* 254 AD2d 255). It is undisputed that the plaintiff guaranteed a promissory note executed by a corporation of which he was the sole shareholder and that no payments were made upon the promissory note.

In opposition to the defendant's motion, the plaintiff asserted that the defendant breached separate agreements between it and two corporations owned by the plaintiff. However, since the plaintiff was a guarantor, he was not entitled to assert the alleged breaches of contract as a defense to the counterclaim (*see, European Am. Bank v Lofrese,* 182 AD2d 67; *North Fork Bank & Trust Co. v Bernstein & Gershman,* 201 AD2d 472). In any event, as the breach of contract causes of action raised by the plaintiff are separable from the defendant's counterclaim to recover upon the promissory note, the Supreme Court properly awarded summary judgment to the defendant on the second counterclaim (*see, Harris v Miller,* 136 AD2d 603; *Vinciguerra v Northside Partnership,* 188 AD2d 861).

The plaintiff's contention that he raised an issue of fact by referring to unpleaded defenses of waiver, bad faith, and estoppel in his opposition papers is without merit.

Under the facts of this case, there is no merit to the plaintiff's contention that the attorney's fee awarded by the court was excessive. Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.