■ QUADRANT MANAGEMENT INC., Respondent, v JOHN HECKER, Appellant, et al., Defendants. [957 NYS2d 697]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered July 6, 2012, against defendant John Hecker, and order, same court and Justice, entered June 22, 2012, which sua sponte vacated the stay of entry and execution of judgment, unanimously affirmed, without costs.

Plaintiff established its prima facie case on the promissory note by submitting a copy of the executed note and an affidavit by its chief financial officer stating that defendant failed to repay the note in accordance with its terms (*see Solomon v Langer*, 66 AD3d 508 [1st Dept 2009]). In opposition, defendant failed to raise an issue of fact as to a bona fide defense. In his affidavit he asserts that the loan was an advance against deferred compensation and that plaintiff's president fraudulently induced him to sign the note by misrepresenting that the loan would be credited against his deferred compensation. However, these assertions are unsubstantiated and conclusory (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381,

383-384 [2004]; *Banner Indus. v Key B.H. Assoc.*, 170 AD2d 246 [1st Dept 1991]; *Kornfeld v NRX Tech.*, 93 AD2d 772, 773 [1st Dept 1983], *affd* 62 NY2d 686 [1984]).

The claims asserted by defendant in his separate action against plaintiff, its president, and its affiliates are not "inseparable" from plaintiff's right to payment on the note and therefore do not preclude summary judgment. To the extent those claims allege failure to pay promised deferred compensation, as indicated, defendant submitted only his self-serving affidavit stating that the loan was to be credited against the deferred compensation. The allegations underlying defendant's remaining claims are unrelated to the note and do not affect his obligations thereunder (*see Mitsubishi Trust & Banking Corp. v Housing Servs. Assoc.*, 227 AD2d 305 [1st Dept 1996]; *Vinciguerra v Northside Partnership*, 188 AD2d 861, 862-863 [3d Dept 1992]).

In view of the foregoing, we need not separately address defendant's appeal from the June 22, 2012 order. Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.