*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                    518451
_____

TOWN OF CHATHAM,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

LILY N.L. SMITH,
                    Appellant.
_____

Calendar Date:  June 3, 2014

Before:  Peters, P.J., Garry, Rose, Egan Jr. and Clark, JJ.

_____

        Francis J. Roche, Hudson, for appellant.

        Tal G. Rappleyea, Valatie, for respondent.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Zwack, J.), entered February 7, 2014 in Columbia County, which granted plaintiff's motion for summary judgment.

        Defendant commenced construction of an inground swimming pool on her property located in the Town of Chatham, Columbia County in 2009 without seeking a building permit.  Upon learning of the construction, plaintiff's code enforcement officer notified defendant of the need for a permit and, after receiving her application, informed her that the location of the pool did not comply with the applicable setback requirements.  Nevertheless, defendant completed construction of the pool, and it was later determined that a portion of it encroached on the neighboring property.  Defendant eventually applied for a zoning variance from the setback requirement, but plaintiff's Zoning Board of Appeals denied the application and Supreme Court

(McGrath, J.) dismissed her CPLR article 78 proceeding challenging that determination.  Defendant neither appealed the dismissal nor removed the encroachment.  Eventually, plaintiff commenced this action to enforce the local zoning law by requiring, among other things, that defendant remove the swimming pool.  Following joinder of issue, plaintiff moved for summary judgment and defendant opposed the motion, arguing that it was premature and should await the outcome of a separate RPAPL article 15 action that she had commenced against the neighboring property owner seeking to establish title to a portion of the neighbor's property by adverse possession.  Supreme Court (Zwack, J.) rejected the request to hold the motion in abeyance and granted summary judgment to plaintiff.

On appeal, defendant does not dispute plaintiff's entitlement to summary judgment.  Rather, she claims that Supreme Court erred by failing to exercise its discretion to hold the motion in abeyance pending the outcome of the adverse possession action.  As she concedes, however, even if she is successful in that action, she will still need a variance from the setback requirements.  Moreover, there is no evidence in the record before us that would enable us to gauge the merit of her adverse possession claim.  In view of these circumstances, we can find no abuse of discretion in Supreme Court's refusal to hold the motion for summary judgment in abeyance (see e.g. Heim v Tri-Lakes Ford Mercury, Inc., 25 AD3d 901, 903 [2006], lv denied 6 NY3d 886 [2006]; Polyglycoat Ctr. of Conn. v Arace's Ford, 126 AD2d 844, 845 [1987]; Peckham v Peckham, 97 AD2d 578, 578-579 [1983]).

Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court