Few Spirits v UB Distribs., LLC (2021 NY Slip Op 01322)





Few Spirits v UB Distribs., LLC


2021 NY Slip Op 01322


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 653212/19 Appeal No. 13249 Case No. 2020-01404 

[*1]Few Spirits, Plaintiff-Appellant,
v
UB Distributors, LLC, Defendant-Respondent. 


Garbarini & Scher, P.C., New York (William D. Buckley of counsel), and Howard & Howard PLLC, Royal Oak, MI (Michael O. Fawaz of the bar of the State of Illinois and State of Michigan, admitted pro hac vice, of counsel), for appellant.
Lawson & Weitzen, LLP, New York (Joshua M. D. Segal of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered February 13, 2020, which, upon converting defendant's CPLR 3211(a)(1) and (7) motion to dismiss to a motion for summary judgment pursuant to CPLR 3211(c), granted defendant's motion and dismissed the complaint, unanimously modified, on the law, to declare in defendant's favor that the contract is not terminable at will, and as so modified, affirmed, without costs.
First, the motion court properly converted the motion to dismiss into a motion for summary judgment because plaintiff requested such treatment and the motion presented only issues of law and not issues of fact (Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1st Dept 1987]; see also Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]). Additionally, the court correctly found that the contract was unambiguous and was the "complete and exclusive statement of the terms of [the parties'] understanding and agreement." Thus, the court properly excluded plaintiff's proffered parol evidence regarding the intent of the parties (Matter of Primex Intl. Corp. v Wal-mart Stores, 89 NY2d 594, 599 [1997]; MPEG LA, L.L.C. v Toshiba Am. Info. Sys., Inc., 161 AD3d 426, 427 [1st Dept 2018]).
Second, the contract was not a contract of indefinite duration or one in which the parties made no express provision of duration, but instead, was an agreement that was terminable upon the occurrence of events (see United Chem. & Exterminating Co., Inc. v Security Exterminating Corp., 246 AD 258 [1st Dept 1936]; see also Ehrenworth v Stuhmer & Co., 229 NY 210, 220 [1920]; see generally Haines v City of New York, 41 NY2d 769, 772-773 [1977]; cf. Colony Liq. Distribs. v Daniel Distillery., 22 AD2d 247 [3d Dept 1964]).
Third, because the contract imposed obligations on both parties, it was supported by mutual consideration (Weiner v McGraw-Hill, Inc., 57 NY2d 458, 464 [1982]).
Finally, we modify solely to declare in favor of defendant (see New York City Sch. Constr. Auth. v New S. Ins. Co., 173 AD3d 539, 540 [1st Dept 2019], lv denied 35 NY3d 903 [2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021