PEASE & ELLIMAN, Inc., Respondent, v. 926 PARK AVENUE CORP., Appellant.

First Department, June 24, 1965.

Jacob W. Friedman of counsel (Max Goldberg with him on the brief), for appellant.

Clarence S. Barasch for respondent.

McNALLY, J. Defendant appeals from a judgment in the sum of $23,130.38 in favor of plaintiff on the first and third causes of action and severing and continuing the second cause of action.

Appellant's brief tenders as the sole question on this appeal the propriety of the award of summary judgment despite the severance of the second cause of action and the counterclaim thereto in excess of the plaintiff's claims against the defendant.

The action is one for rental agent fees, management fees and

money owed upon a loan. The court below granted partial summary judgment on the first cause of action (rental agent fees); on the third cause of action (loan); and severed the second cause of action (management fees) and the second counterclaim addressed thereto.

CPLR 3212 (subd. [b]) permits summary judgment to be granted if, upon all the papers and proof submitted, "the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party". It is further provided (CPLR 3212, subd. [e]) that partial summary judgment and severance may be granted "as to one or more causes of action, or part thereof * * * to the extent warranted, on such terms as may be just" and that the court may also direct either "that the cause of action as to which summary judgment is granted shall be severed from any remaining cause of action" or "that the entry of the summary judgment shall be held in abeyance pending the determination of any remaining cause of action".

The intent of the statute is to permit partial summary judgment to be granted where it appears to the court that this may be done as to one or more causes of action. There is no prohibition against summary judgment in favor of a plaintiff, where, as here, there is no defense as to certain of the causes of action merely because of the assertion of a counterclaim to another unrelated cause of action.

The statute authorizes the court to exercise its discretion either to sever "any remaining cause of action", "or" to direct that the entry of judgment be held in abeyance pending the determination of any other cause of action.

It was proper for Special Term to permit the severance of the second cause of action and the counterclaim interposed with respect thereto, and to direct the entry of judgment on the other causes of action as to which no defense either by way of pleading or affidavit had been submitted.

Here, the severed action and related counterclaim are unrelated to the causes on which the plaintiff is entitled to recover. Hence, plaintiff should be awarded judgment unless it affirmatively appears that defendant will be prejudiced. Such might be the case if it appeared that plaintiff is financially unstable. There is no showing of legal prejudice and hence no basis for withholding judgment in favor of the plaintiff on the two causes of action as to which there is no factual issue.

We are mindful of *Illinois McGraw Elec. Co.* v. *John J. Walters, Inc.* (7 N Y 2d 874) and the cases therein cited. Each involved a single cause of action as to which a counterclaim in

excess of the claim of the moving party presented issues of fact. Where the complaint states a single cause of action, as was observed in *Dietz* v. *Glynne* (221 App. Div. 329), cited and quoted in *Illinois McGraw Elec. Co.* v. *John J. Walters, Inc.* (*supra*), there can be but one judgment and the counterclaims, if sustained, may exceed plaintiff's demand and defeat plaintiff's recovery. (See, also, *Hunting Supply Corp.* v. *Febrey,* 22 A D 2d 1010; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5012.03.) Plaintiff here would have been entitled to institute three separate actions and to prosecute to judgments the two actions grounded on the causes as to which it has prevailed. In that event, the defendant would not be entitled to a stay of entry or enforcement of the judgments unless equitable considerations were advanced. We conclude that CPLR 3212 (subd. [e]) applies the same standard to an action involving several unrelated causes of action.

The judgment should be affirmed, with costs to plaintiff-respondent.

BREITEL, J. P., RABIN, STEVENS and EAGER, JJ., concur.

Order and judgment unanimously affirmed, with $50 costs to respondent.