■ JAMES K. WOLOSOFF, Appellant-Respondent, et al., Plaintiffs, v ALVIN B. WOLOSOFF, Respondent-Appellant, and DAVID MINKIN, Respondent, et al., Defendants.—Judgment, entered June 28, 1976 in New York County, is unanimously reversed, on the law, without costs and without disbursements, and the underlying order, entered June 24, 1976, is unanimously modified, on the law, to the extent of denying defendant's motion for summary judgment on his counterclaims and is otherwise affirmed, without costs and without disbursements. It is well established that summary judgment should be withheld where a plaintiff asserting a small claim is confronted with a much larger counterclaim intimately related to the facts of plaintiff's claim even though plaintiff's claim is not disputed (*Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874). The court, in the proper exercise of its discretion, may enter partial summary judgment although there exist remaining counterclaims to be tried which are in excess of the claims upon which summary judgment is granted unless the counterclaims are so inseparable from plaintiff's causes of action that entry of judgment should be withheld. (See *Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361, affd 17 NY2d 890; *Dalminter, Inc. v Dalmine, S.p.A.,* 29 AD2d 852.) Here the close family and financial relationship between the parties, who are father and son, together with the necessity for a trial of the many issues raised by the complaint, lends support to plaintiff's assertion that the annuity agreements upon which the counterclaims depend are inseparable from the parties' numerous and interrelated business transactions which underlie the complaint. Under these circumstances, summary judgment on the counterclaims should have been withheld. While the parol evidence rule would bar proof contradictory of the default and acceleration provisions of the agreements, it is the view of some of this court that it cannot necessarily be said as a matter of law that such rule would bar parol evidence with respect to defendant's alleged undertaking to cover any shortfall in the annuity payments due him, since such an undertaking would not appear to conflict with any provision of the agreements and could not be deemed as a matter of law to be so clearly connected with the principal transaction as to be part of it. However, our determination is not premised upon this ground. Concur—Stevens, P. J., Markewich, Lupiano, Silverman and Lynch, JJ.