OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed,
 
 *921
 
 without costs. Petitioners are residential tenants of premises which have been condemned by the city under exercise of the power of eminent domain on various dates between 1963 and 1970. Due to well-publicized and acknowledged city fiscal difficulties the properties have not been developed as originally planned but have remained residential under the control and maintenance of the city. The tenants’ rent has remained unchanged since title vesting, in some cases as long as 14 years and since the rents are totally inadequate to cover regular maintenance charges, the city notified the tenants of a rent increase.
 

 Petitioners challenge the authority of the city to increase their rents above the level paid at the time of title vesting. Subdivision b of section B15-37.0 of the New York City Administrative Code provides that all persons in possession of condemned premises "at the time of the vesting of title thereto, shall at the option of the city become tenants at will of such city and shall, unless the parties otherwise agree in writing, pay the same rent in effect immediately prior to vesting of title”. This provision was enacted to establish an applicable rental at the time of title vesting in order to avoid an interim period during which tenants would remain in possession with no provision as to what, if any, rent they should pay. Prior to the enactment of this section the law had merely stated that such tenants at will were required to pay a reasonable rent, leaving open to dispute what constituted a reasonable rent in a given circumstance. Experience demonstrated that, pending the fixing of a reasonable rent, either judicially or by other means, the city incurred substantial rental losses, and section B15.37.0 (subd b) was enacted to prevent these losses by promptly fixing a rent at title vesting. No language in the Administrative Code expressly states that the rent in effect immediately prior to title vesting is to continue permanently or for any specific period of time. The present problem of being unable to complete the intended public purpose was not contemplated and therefore no time limitation was set. Since the statute fails to fix any duration period, it must be deemed to imply that the initial rents will remain in effect for a reasonable period of time. This reading of the statute is not only consistent with legislative intent
 
 (Abood v Hospital Ambulance Serv.,
 
 30 NY2d 295, 298;
 
 Matter of Meyer,
 
 209 NY 386, 389-390), but also avoids an unreasonable and unin
 
 *922
 
 tended, unnecessary result
 
 (Johanns v Ficke,
 
 224 NY 513, 519). In the instances disclosed in the record in this case, the reasonable period contemplated by the Administrative Code has expired, and the city is no longer obligated to continue to accept the rent in effect immediately prior to vesting of title.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.