OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the stay of execution upon the partial summary judgment should be vacated.
The trial court, and thus the Appellate Division have wide discretion in imposing conditions upon the grant of partial summary judgment so as to avoid possible prejudice to the party against whom that judgment is granted (CPLR 3212, subd [e]). The device used in this case, a stay of execution pending resolution of the remaining claims and counterclaims, is an appropriate method of effectuating that objective (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3212:31, 3212:32). Such discretion, however, is not unlimited, and is to be exercised only if there exists some articulable reason for concluding that the failure to impose conditions might result in some prejudice, financial or otherwise, to the party against whom the partial summary judgment is granted should that party subsequently prevail on the unsettled claims (see Siegel, New York Practice, § 285). This is especially true where, as here, the counterclaims with respect to which partial summary judgment was granted are sufficiently independent of the plaintiff’s claim as to have allowed *924 defendant to bring a separate action upon them had it so chosen (see Pease & Elliman v 926 Park Ave. Corp., 23 AD2d 361, affd without opn 17 NY2d 890).
The record in this case is completely bare of any indication that plaintiff would be in any way prejudiced if defendant is allowed to enforce its partial summary judgment. Under these circumstances, it was an abuse of discretion for the Appellate Division to impose a stay of execution upon that judgment.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur; Chief Judge Breitel taking no part.
Order, insofar as appealed from, reversed, with costs, and the stay of execution vacated in a memorandum.