■ ELL-DORER CONTRACTING CO., Respondent, v P. T. & L. CONSTRUCTION Co., INC., Appellant, et al., Defendants. — Appeal (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered March 16, 1981 in Delaware County, which granted plaintiff's motion for summary judgment on the first and second causes of action of the complaint and dismissed the counterclaim of defendant P. T. & L. Construction Co., Inc., and (2) from the judgment entered thereon. Defendant P. T. & L. Construction Co., Inc. (PT & L)entered into a contract with the State of New York under which it was to be the prime contractor for the construction of a section of Interstate 88. The bridge work on the project was subcontracted to plaintiff Ell-Dorer Contracting Co. (Ell-Dorer). Having satisfactorily completed performance, Ell-Dorer seeks to recover some $51,000, the undisputed balance due on the contract, and retainage in the amount of $145,000, with interest, admittedly being improperly withheld. PT & L asserts two counterclaims, one of which (improperly denominated an affirmative defense) is a claimed offset based on $172,000 paid by PT & L in liquidated damages to the State of New Jersey because of delays in joint projects of both parties, of which plaintiff's share is said to be $48,216. The other counterclaim asks for damages in excess of $1.5 million for plaintiff's alleged breach of joint venture agreements entered into with defendant. Inasmuch as defendant admits complete performance and does not dispute the amounts owed, summary judgment on plaintiff's two causes of action was properly granted. In addition, as the counterclaims are unrelated to Ell-Dorer's causes of action and there was nothing offered to substantiate PT & L's conclusion that plaintiff is financially unsound and that any recovery PT & L may obtain on its counterclaims is in peril, plaintiff is entitled to immediate entry of and execution on its judgment (*Stigwood Organisation v Devon Co.*, 44 NY2d 922). Although Special Term correctly found that the counterclaim charging Ell-Dorer with causing defendant's loss of credit and virtually forcing it to discontinue its business lacked merit, our assessment of the "offset" counterclaim leads us to conclude that a triable fact issue exists respecting plaintiff's responsibility for a proportionate share of the damages levied against the parties' joint venture by the State of New Jersey. The joint venture agreements provide that each party will be responsible for its own expenses and losses, but are silent as to how losses chargeable to other causes are to be allocated. PT & L avers that New Jersey is solely responsible for the delays and the resultant damages and further that a suit to recover the $172,000 has been brought by the joint venture against the State of New Jersey. Since the agreements are ambiguous regarding allocation of losses attributable to outside causes and as it is also impossible, from the proof submitted, to ascertain the cause of the delay on the New Jersey projects, Special Term improperly granted summary judgment on the "offset" counterclaim (*Meathe v State Univ. Constr. Fund,* 65 AD2d 49, 52). As this counterclaim is unrelated to plaintiff's complaint, however, it should be severed and tried separately (CPLR 3212, subd [e], par 1). Order and judgment modified, on the law, by reversing so much thereof as granted plaintiff's motion to dismiss the "offset" counterclaim contained in the answer of defendant P. T. & L. Construction Co., Inc., and motion denied with respect to said counterclaim, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Herlihy, JJ., concur.