■ ERNST STEEL CORPORATION, Respondent-Appellant, v YONKERS CONTRACTING CO., INC., Appellant-Respondent. — Order and judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term properly granted summary judgment for the sum owing Ernst on this construction contract. However, it was improper to award prejudgment interest from June 6, 1977 at the rate of 1½% per month as requested in the complaint. Whether the 1½% per month interest charge was intended to be part of the contract and, at what date payment was due pursuant to the contract, present triable issues of fact. Ernst premises its claim to interest of 1½% per month on paragraph 12(c) of the printed contract whereas Yonkers maintains that the printed paragraph 12(c) was intended to be deleted and the typewritten paragraph 12 substituted in its place. A similar factual issue exists as to the date when payment was due. The typewritten paragraph 12 provides that payment is due "within thirty (30) days after completion of the work therein, and acceptance by the Owner." Ernst alleges that the work was accepted by the State on June 5, 1977. On the other hand, Yonkers asserts that the work was accepted by the State on or about January 17, 1978 when it received final payment on the job. A trial is required to determine these factual issues. Special Term also erred in staying

execution of the judgment until resolution of other pending actions. The claim on which summary judgment was granted was sufficiently independent of the remaining claims as to allow the parties to bring a separate action concerning each of them. We find nothing in this record to demonstrate that Ernst is unable to satisfy any judgment rendered in the companion actions which would warrant a stay of the execution (see *Stigwood Organisation v Devon Co.,* 44 NY2d 922). (Appeals from order and judgment of Supreme Court, Erie County, Marshall, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.