■ WOLKCAS ADVERTISING, INC., Respondent, v LATHAM CIRCLE MALL MERCHANTS ASSOCIATES, INC., Appellant.—Levine, J. Appeal from an order and judgment of the Supreme Court at Special Term (Williams, J.), entered January 30, 1985 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff and defendant entered into a contract in March of 1983 whereby plaintiff was to provide advertising services to defendant. Although the contract provided for 60 days' written notice prior to cancellation, plaintiff agreed, at defendant's request, to terminate the contract without notice in March of 1984. Defendant stipulated that it would accept and pay for advertising which was near completion, and invoices for that work were received in April of 1984. Subsequently, defendant refused to pay those bills and plaintiff commenced the instant action and brought on a motion for summary judgment. In response, defendant asserted that plaintiff had defaulted on their agreement and had overbilled defendant over the entire course of the contract. Special Term granted plaintiff's motion and this appeal ensued.

We affirm. Plaintiff has clearly shown, by affidavits and documents, that it was entitled to payment on the April 1984 invoices. Thus, to defeat the motion for summary judgment, it was incumbent upon defendant to come forward with proof in opposition sufficient to raise an issue of fact concerning its claims (Siegel, NY Prac § 281, at 337-338). Defendant's proof was clearly deficient.

Defendant's claim that plaintiff defaulted on the contract was, as held by Special Term, waived by defendant in the March 1984 understanding between the parties permitting defendant to cancel the contract without written notice. Defendant offered no proof to the contrary, but rather conceded that plaintiff's waiver of the written notice portion of the contract was given in exchange for defendant's promise not to charge any breach.

We are likewise unpersuaded that defendant's submission adequately raised an issue of fact in regard to its claim of overbilling. Although this issue was treated as a counterclaim by Special Term, it was actually raised for the first time in defendant's affidavits and not in its answer as a defense or counterclaim. Defendant maintained that two of the fees appearing on the April invoices were overcharges, but failed to explain why. Bald conclusory assertions, even if believable, are not enough to defeat summary judgment (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342). Furthermore, any claim of overbilling relative to months other than April 1984 was independent of this action, which claimed nonpayment on the April 1984 invoices. Thus, it was not improper for Special Term to refuse a stay and to order entry of the judgment on plaintiff's claim since defendant made no showing of prejudice (Stigwood Org. v Devon Co., 44 NY2d 922).

Order and judgment affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.