■ P. S. GRISWOLD COMPANY, INC., Respondent, v CORTLAND GLASS COMPANY, INC., et al., Appellants, et al., Defendant.— Kane, J. Appeal from an order of the Supreme Court (Swartwood, J.), entered March 23, 1987 in Chemung County, which, *inter alia,* granted plaintiff's motion for partial summary judgment.

Defendant Cortland Glass Company, Inc. (hereinafter Cortland) was the primary contractor on a renovation project for defendant City School District of the City of Elmira (hereinafter Elmira). Plaintiff was the subcontractor hired by Cortland to perform certain window replacements required for the project. Pursuant to the agreement between plaintiff and Cortland, plaintiff was to receive monthly progress payments based upon plaintiff's applications for payments submitted to Cortland. However, Cortland apparently did not pay plaintiff for plaintiff's last three payment applications. The amount of these last three applications totaled $12,422.75. As a result, plaintiff filed a mechanic's lien which was later discharged by the posting of a bond to cover the amount of the lien by defendant Fireman's Fund Insurance Company (hereinafter Fireman's). Plaintiff then commenced the instant suit in which the first and third causes of action sought to foreclose on the mechanic's lien and to obtain judgment against Fireman's for the amount of the lien. The second cause of action was for extra work not covered by the mechanic's lien.

In addition to the instant suit, plaintiff also commenced two other separate actions against Cortland which involved two other subcontracting agreements between the parties. One agreement was for a project located in Rensselaer County and the other agreement involved a project in Suffolk County. In all three actions, Cortland and Fireman's answered together and in each they asserted an identical counterclaim alleging damages for plaintiff's unsatisfactory performance in the sum of $111,455.46. It is undisputed, however, that this counterclaim involved damages only for the Rensselaer County and Suffolk County projects and that no damages were claimed for the work done on the Elmira project. Plaintiff then moved for summary judgment in its favor on the first and third causes of action and for dismissal of the counterclaim. The motion was

granted and the instant appeal by Cortland and Fireman's (hereinafter collectively referred to as defendants) ensued.[1]

Initially, we agree with Supreme Court that there is no genuine triable issue of fact as to whether plaintiff is entitled to the remainder of the amount due on the subcontract *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290)*. Defendants concede that 100% of the work was completed by plaintiff, although they argue that there remains a question as to the total amount owed plaintiff, as agreed to in the subcontract. However, bald conclusory assertions in opposition to a motion are not sufficient and evidentiary proof to substantiate the allegations is required *(Haig v Channing Co.,* 54 AD2d 992)*. Here, defendants raised the question of the total amount due under the subcontract only in an unsworn statement by Cortland's president. They further failed to set forth their own proof to support this claim and they also failed even to dispute plaintiff's claim as to the balance remaining due. We are of the view that the applications for payment submitted by plaintiff in support of its motion established plaintiff's entitlement to summary judgment in the amount of $12,422.75 and that defendants' contrary arguments were insufficient to create any factual issue.

Turning to the question of whether the counterclaim was properly dismissed, contrary to defendants' arguments, simply because the counterclaim was in excess of plaintiff's claim does not mandate the denial of plaintiff's motion for summary judgment *(see, Wolosoff v Wolosoff,* 54 AD2d 651)*. This assertion is only true where the counterclaim is so interrelated with a plaintiff's cause of action that entry of judgment should be withheld *(see, supra; see also, Polyglycoat Center v Arace's Ford,* 126 AD2d 844, 845; *Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361, 362, *affd* 17 NY2d 890)*. Here, the counterclaim was asserted with respect to two other contracts on independent and separate projects. The counterclaim was thus unrelated and we agree with Supreme Court that there was not sufficient linkage on that basis alone to warrant imposing conditions on the grant of the summary judgment motion. Plaintiff was, therefore, properly awarded judgment unless defendants could show possible prejudice if execution of the judgment was not stayed pending resolution of the counterclaim *(see, Stigwood Organisation v Devon Co.,* 44 NY2d 922, 923; *see also,* CPLR 3212 [e])*.

---

1. Elmira did not oppose plaintiff's motion and is not participating in the instant appeal.

Here, defendants claimed that plaintiff was not financially stable and that it might not remain a viable business entity by the time the other two actions were decided. However, defendants were required to offer "some articulable reason" to support this claim *(Stigwood Organisation v Devon Co., supra,* at 923). Even if it is accepted that the counterclaim itself was meritorious *(see, M & S Mercury Air Conditioning Corp. v Rodolitz,* 24 AD2d 873, 874, *affd* 17 NY2d 909), which on the record before us is not clear, defendants failed to offer adequate support to substantiate their conclusion that plaintiff is financially unsound *(see, Ell-Dorer Contr. Co. v P. T. & L. Constr. Co.,* 85 AD2d 866). Defendants' claims were made in a conclusory and unsubstantiated fashion. The unsworn written statement submitted by Cortland's president asserted hearsay information as to plaintiff's financial instability and the president claimed that he was "unable to provide the exact names or sources" providing this information. We agree with Supreme Court that this was insufficient to show financial instability on plaintiff's part *(see, Cone v Daus,* 120 AD2d 788, 790; *Memory Gardens v D'Amico,* 91 AD2d 1159, 1160). Therefore, the court properly dismissed the counterclaim without prejudice since it was asserted in the two separate actions, and the court properly refused to stay entry or execution of plaintiff's judgment *(see, Ernst Steel Corp. v Yonkers Contr. Co.,* 101 AD2d 693, 694).[2]

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.

2. It should be noted that plaintiff argues that defendants could not appeal the dismissal of the counterclaim since it did not affect a "substantial right" (CPLR 5701 [a] [2] [v]). This argument is rejected for if the counterclaim is permitted to remain, and if defendants should prevail in the other actions, they would be able to use the amounts of the judgments in the other actions to offset the amount awarded to plaintiff in this action.