*447 OPINION OF THE COURT
Lewis R. Friedman, J.
The motion by the City of New York for a stay of execution of the judgment previously entered pending the ultimate appellate resolution in this case presents this court with a complex question of the operation of CPLR 5519 which is rarely presented to a trial court.
This case arises from an automobile accident that occurred on September 3, 1980. Defendant Felicia Manganiello was driving on Castle Hill Avenue in the left-hand northbound lane when she heard police sirens. Unable to ascertain where the sound was coming from she stopped for 10 to 15 seconds; she was unable to pull her car to the right (Vehicle and Traffic Law § 1144) since her path was blocked by traffic. She signaled and then turned left. She was struck in the rear by an unmarked police car, driven by defendant Meyer, heading north in a southbound lane, with its headlights and siren, but not the turret light, operating. Officer Meyer, answering an emergency call, had pulled into the lane of oncoming traffic to pass the stopped vehicles. The collision which ensued propelled the Manganiello car across the intersection, caused it to jump the curb and strike both Beverly Plowden and her infant, Jashane Plowden, on the sidewalk. After trial before Justice Delaney, the jury awarded plaintiffs in excess of $5 million against the city and Meyer but found in favor of the Manganiello defendants. In his October 1, 1986 decision on the city’s posttrial motion, Justice Delaney directed a verdict against the Manganiello defendants and ordered a new trial to apportion damages. The decision also ordered a new trial on the amount of damages unless plaintiffs stipulated to reduce the verdict to amounts that aggregated $1,010,000. All parties appealed.
On March 8, 1988, the Appellate Division modified the posttrial order by setting aside the liability verdict against the Manganiello defendants and ordering a new trial on their liability; as modified, the remainder of the decision was affirmed (Plowden v Manganiello, 138 AD2d 243). None of the parties sought permission to appeal from the Appellate Division’s order. Plaintiffs then consented to the remittitur of the verdict and, on June 15, 1988, entered judgments aggregating nearly $1,200,000, including prejudgment interest.
The city thereafter moved in the Court of Appeals for permission to appeal. In its papers the city contended that the *448 June 15 judgment was a "final judgment” so that leave to appeal could be granted pursuant to CPLR 5602 (a) (1) (ii). The motion was "dismissed” by the Court of Appeals on October 25, "upon the ground that the order sought to be appealed from does not finally determine the action within the meaning of the Constitution” (Plowden v Manganiello, 72 NY2d 1042).
On October 28, the city served the other parties with an affidavit in which it claimed that, "[a]t such time as a final, appealable order is entered in this matter, said defendants intend to move for leave to appeal to the Court of Appeals from said judgment.” Plaintiffs seek to collect their judgment. The city, however, claims that, since it served "an affidavit of intention to move for permission to appeal”, there is an automatic, statutory stay of execution (CPLR 5519 [a] [1]). In the instant motion the city seeks, pursuant to CPLR 5519, to enjoin plaintiffs "from executing on and enforcing the $1 million dollar money judgment entered herein against the City until final resolution of this case can be had in the Court of Appeals.”
There are no cases directly on point; yet, this court has no doubt that none of the stays authorized by CPLR 5519 may be granted in this proceeding. The city’s motion contains a basic conceptual flaw in analysis — there is no currently appealable paper in existence. The court finds that CPLR 5519 does not apply, and was not intended to apply, to contingent prospective appeals.
The language of CPLR 5519 necessarily implies that the section applies only to extant orders and judgment. Thus, the introductory part of CPLR 5519 (a) refers to a stay of "all proceedings to enforce the judgment or order appealed from”. The entire structure of CPLR 5519 relies on the premise that a stay affects only the immediate order or judgment involved, not any other order in the same case (see, e.g., Walker v Delaware & Hudson R. R. Co., 120 AD2d 919; Matter of Gordon v Town of Esopus, 107 AD2d 114, 115). For example, a stay granted by CPLR 5519 (a) (1) continues until "five days after the service * * * of the order of affirmance or modification with notice of its entry” and may be continued by appealing further or making a motion for permission to appeal within the five-day period (CPLR 5519 [e]; see, DFI Communications v Greenberg, 41 NY2d 1017). Clearly a continuation of the stay created by the appeal from the original decision did not take effect here; the relevant time period has long since passed. Indeed, the motion for permission to appeal *449 to the Court of Appeals which was dismissed did not, itself, act as a further stay. In McCain v Koch (68 NY2d 713, 714) the Court of Appeals explained that there is no stay where a municipal party moves for permission to appeal from a nonfinal order of the Appellate Division "from which no appeal lies to this court.”
The city, in an effort to avoid the clear intent of CPLR 5519, claims that its "affidavit of intention” relates to the appeal which it will seek to take to the Court of Appeals from the final judgment which will eventually be entered in this case* (CPLR 5602 [a] [1] [ii]). The city erroneously argues that its interpretation of CPLR 5519 is necessary to avoid the "unintended result” of the "technicality” that an appeal to the Court of Appeals is not constitutionally possible at this time (see, NY Const, art VI, § 3; Matter of Arcadu v Levinson, 250 NY 355). The result is, of course, far from unintended; the purpose of the statute is to preserve the status quo during the pendency of an appeal, not during the pendency of a new trial. An automatic stay of execution is afforded as a matter of public policy to the State and municipalities to preserve public assets pending appellate resolution without the requirement of posting an undertaking or unnecessary motion practice (DeLury v City of New York, 48 AD2d 405; Matter of Serth v New York State Dept. of Transp., 77 AD2d 957; see, 1 Newman, New York Appellate Practice § 6.05, at 6-18).
The "affidavit of intention” in this case is simply premature. The procedure is the same as filing an "affidavit of intention” to seek permission to appeal to the Appellate Division from an adverse determination on a preliminary discovery matter that is not appealable as of right before the motion is determined at Trial Term. The city’s attempt to distinguish the case is, at best, imaginative.
Indeed, the application to this court is a tacit admission by the city that there is no statutory stay of execution. A stay granted pursuant to CPLR 5519 (a) (1) may only be vacated, limited, or modified by "the court to which an appeal is taken” (CPLR 5519 [c]). Thus, if there were an automatic stay this court would have no jurisdiction to resolve any issue.
The current motion also invokes the court’s discretion pur *450 suant to CPLR 5519 (c). That application must be denied for the same reason as indicated above. There is no extant order from which an appeal can be taken.
Although the parties have not referred to CPLR 2201, the court must also analyze that section (cf., Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 142-143). That is, it appears that the city is seeking to have the court exercise its discretion to stay the enforcement of the partial judgment pending resolution of the remainder of the case. "Except where otherwise prescribed by law, the court * * * may grant a stay of proceedings in a proper case, upon such terms as may be just” (CPLR 2201; Medical Malpractice Ins. Assn. v Methodist Hosp., 64 AD2d 558). The court has not been directed to, nor found, any authority for the proposition that one party against which there is an affirmed judgment for damages is entitled to a stay of enforcement, pending determination of the liability of a party who may be jointly and severally liable to plaintiff.
The court is aware that well-established authority permits a judgment to be entered on a plaintiff’s claim but allows the court to stay execution pending resolution of related counterclaims (see, e.g., Stigwood Organisation v Devon Co., 44 NY2d 922; Pease & Elliman v 926 Park Ave. Corp., 23 AD2d 361; Dalminter, Inc. v Dalmine S.p.A., 29 AD2d 852, 853, affd 23 NY2d 653; Cadplaz Sponsors v Cadman Towers, 56 AD2d 780; Ell-Dorer Contr. v P. T. & L. Constr. Co., 85 AD2d 866). However, those cases appear to be grounded on language in CPLR 3212 (e) which specifically provides that, when partial summary judgment is granted, severance or holding the entry of judgment in abeyance is permissible.
The motion would be denied even if the court were to consider the city’s claim of prejudice if enforcement is permitted. It is clear that there is no merit in the city’s motion for permission to appeal. The law is well settled that, with narrow exception (see, CPLR 5501 [b]), the Court of Appeals is limited to a review of the questions of law (Cohen and Karger, Powers of the New York Court of Appeals § 109; People v Bleakley, 69 NY2d 490, 493). The city does not contend that the Trial Justice incorrectly charged the jury on the standard to be applied to the facts. Thus, the question for review would only be whether on the facts, in the light most favorable to the plaintiff (Sheehan v City of New York, 40 NY2d 496, 502), there is any basis to hold the city even partially liable for plaintiff’s injuries.
This court has reviewed the trial record as well as all the *451 briefs filed by the parties in the Appellate Division. There are obviously issues of fact which would support a finding of at least some liability. For example, the jury could find that Meyer’s failure to use a turret light on the unmarked police car, driving on the wrong side of the stream of traffic, was an act of negligence which proximately caused plaintiffs’ injuries. There was testimony that police department regulations required use of a turret light; Meyer acknowledged that a turret light was needed to allow a police car to be identified. The regulations, which Meyer acknowledged applied, require that officers responding to emergencies use due care since the safety of the public "is of paramount importance”. Emergency vehicles must drive "with reasonable care for all persons using the highway” (Vehicle and Traffic Law § 1144 [b]) and "due regard for the safety of all persons” (Vehicle and Traffic Law § 1104 [e]). Similarly, the proof permitted the jury to conclude that Meyer’s speed was excessive. Meyer testified that he was going 35-40 miles per hour. The jury could have found that testimony was overcome by the proof that the force of the collision propelled Manganiello’s car onto the sidewalk, knocking down a stop sign and damaging a fence. While the city has argued that it is "more likely” that Manganiello pressed the gas, the jury was authorized to conclude otherwise. Thus, there is little chance that the issue of liability in this case would be a proper subject for review by the Court of Appeals.
The city’s papers also fail to demonstrate that the case presents any of the grounds for granting permission to appeal identified in the Court of Appeals rules. There is no demonstration that the issues "are novel or of public importance, or involve a conflict with prior decisions of this court, or there is a conflict among the Appellate Divisions” (22 NYCRR 500.11 [d] [1] [v]X This court notes that since the recent amendments to CPLR 5601 (L 1985, ch 300), the Court of Appeals has granted permission to appeal in almost no cases where the only issue is the application of well-established principles to the facts of the particular case. The city offers nothing to show why there are issues to be reviewed. While this court understands the reluctance of the city to pay the judgment at issue until absolutely required to do so, there is no reason for this court to grant a stay.
The motion is denied in all respects. The stay in the order to show cause is vacated.

 None of the parties has made any effort to have this case placed on the court’s Trial or Conference Calendar so that it may finally be resolved. On the court’s own motion, the case has been restored to the Conference Calendar for May 5, so that a trial date may be selected.