■ JENNIFER CHERNEY, Individually and as a Partner of C. P. Associates, Respondent, v PHILIP PILEVSKY, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on March 26, 1991, which, *inter alia,* granted plaintiff's motion for summary judgment as to all causes of action in the complaint, dismissed defendant's fourth and fifth counterclaims on the merits, and dismissed defendant's remaining counterclaims without prejudice to a separate action in an appropriate forum, unanimously affirmed, with costs.

There is no merit to defendant's contention that the escrow funds, representing the sole remaining asset of defendant partnership, were intended to secure plaintiff's indebtedness to another, unrelated concern in which the parties are partners, and therefore cannot be distributed to plaintiff until the dispute concerning this indebtedness is resolved. There is no language in either the partnership agreement or the escrow agreement conditioning plaintiff's right to the escrow fund on the resolution of claims involving plaintiff's obligations to this

other partnership. Therefore, defendant's counterclaims based on these obligations are unrelated to the issue of plaintiff's entitlement to the escrow fund and their interposition does not preclude summary judgment on plaintiff's causes of action *(Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361, *affd* 17 NY2d 890). Nor is a stay of entry of judgment due to plaintiff's financial condition warranted in this case *(see, Griswold Co. v Cortland Glass Co.,* 138 AD2d 869).

The first, second, third and sixth counterclaims were properly dismissed without prejudice to the commencement of a separate action, since counterclaims may not be interposed by non-parties (CPLR 3019 [a]). The fourth counterclaim, claiming a setoff against the escrow fund, and the fifth counterclaim, seeking to impose a trust on the escrow fund, were properly dismissed on the merits, based as they are on a misreading of the escrow agreement. And, since the rights of the parties are governed by the partnership agreement of defendant partnership, summary judgment for attorneys' fees was properly granted plaintiff pursuant to section 19 (G) thereof. We have considered defendant-appellant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.