■ YOUNG & YOUNG, Respondent, v DAVID J. SALAND, Appellant. [654 NYS2d 604] —In an action to recover damages in quantum meruit, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated December 28, 1995, as, in effect, granted the plaintiff's motion for summary judgment on the complaint, and (2) from a judgment of the same court entered February 5, 1996, which is in favor of the plaintiff and against him in the principal sum of $17,768.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find that the plaintiff established its entitlement to recover the agreed-upon reasonable value of $17,768 for surveying services rendered between October 1987 and July 1992 in connection with property located at Aquebogue in Riverhead through the admissions in the defendant's answer and examination before trial. The defendant failed to produce sufficient evidentiary proof in admissible form to defeat the plaintiff's motion for summary judgment on the complaint *(see, Zuckerman v City of New York,* 49 NY2d 557, 563; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068).

Furthermore, the Supreme Court providently exercised its discretion in severing the defendant's counterclaims upon granting summary judgment to the plaintiff. The defendant's counterclaims are sufficiently independent of the plaintiff's claim so that the defendant may bring a separate action upon them *(see, Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361, *affd* 17 NY2d 890). Since, there is no indication in the record that the defendant would be in any way prejudiced, financially or otherwise, by the enforcement of the judgment, a stay of execution was not warranted *(see, Stigwood Org. v Devon Co.,* 44 NY2d 922, 923). Mangano, P. J., Sullivan, Altman and McGinity, JJ., concur.