■ INNER CITY TELECOMMUNICATIONS NETWORK, INC., Respondent, v SHERIDAN BROADCASTING NETWORK, INC., Appellant. [688 NYS2d 534] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 4, 1998, which, upon the prior grant of plaintiff's motion for summary judgment, awarded plaintiff the total amount of $837,022.26, unanimously affirmed, with costs.

The liability at issue arises by reason of defendant's execution of a promissory note in plaintiff's favor requiring the payment of certain sums "[f]or value received". Although it is undisputed that the obligation evidenced by the note is due and has not been satisfied, defendant maintains that its liability thereunder should not be reduced to judgment at this juncture since there are issues of fact as to whether plaintiff discharged its obligations pursuant to an Affiliation Agreement executed along with the note in connection with the settlement of a Federal court action between the parties. However, while the agreements were executed as components of the same settlement, each would nonetheless appear to be separately enforceable (*see*, *National Union Fire Ins. Co. v Clairmont*, 231 AD2d 239, *lv dismissed* 91 NY2d 866, 92 NY2d 868; *Vinciguerra v Northside Partnership*, 188 AD2d 861). The agreements do not refer to each other or otherwise indicate that the obligations imposed by one were to be contingent upon the performance of obligations imposed by the other (*see*, *Cherney v Pilevsky*, 178 AD2d 263). When we look at the documents themselves, the severability of the Affiliation Agreement from the note is apparent. We would note the following: (1) the Affiliation Agreement was governed by Pennsylvania law; the note was governed by New York law; (2) the acceleration provisions of the note are unrelated to the obligations contained in the Affiliation Agreement; (3) a remedy of offset against the license fee was provided for breach of performance of the Affiliation Agreement, but no mention was made of a right of offset against the note. The agreements, accordingly, afford no basis to conclude that the payments required by the note were intended as consideration for plaintiff's performance under the Affiliation Agreement.

Nor did defendant's conclusory and altogether insufficient claim of fraudulent inducement warrant denial of plaintiff's summary judgment motion (*see*, *Orix Credit Alliance v Hable Co.*, 256 AD2d 114).

Finally, we perceive no basis for defendant's claim that the motion court should have stayed execution of the appealed judgment. The record does not support the claim that in the absence of the sought stay defendant's remedy, should it prevail upon its counterclaim for breach of the Affiliation Agreement, will be jeopardized (*see, Stigwood Org. v Devon Co.*, 44 NY2d 922; *Trans World Maintenance Servs. v Luna Park Hous. Corp.*, 157 AD2d 586). Concur—Sullivan, J. P., Wallach, Lerner, Mazzarelli and Buckley, JJ.