■ J. LEONARD SPODEK, Also Known as LEONARD SPODEK et al., Respondents-Appellants, v BENCION NEISS et al., Respondents, and FAY NEISS, Also Known as FAY PODRABINEK, Appellant-Respondent. [737 NYS2d 662] —In an action, inter alia, to recover damages for breach of contract, the defendant Fay Neiss, also known as Fay Podrabinek appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered November 9, 2000, as denied that branch of the defendants' motion which was for summary judgment on the issue of liability on the first counterclaim asserted by the defendant Fay Neiss, also known as Fay Podrabinek, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the defendants' motion which was to dismiss the plaintiffs' first five causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was for summary judgment on the issue of liability on the first counterclaim asserted by the defendant Fay Neiss, also known as Fay Podrabinek is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

It is well settled that a court may, in its discretion, grant summary judgment on a counterclaim which is sufficiently independent from the main action (*see, Stigwood Org. v Devon Co.,* 44 NY2d 922; *Carl Zeiss, Inc. v Micro Med Instruments,* 186 AD2d 778; *Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361). The counterclaim on which summary judgment is

sought has nothing to do with the agreements which are the subject of the main action. The defendant Fay Neiss, also known as Fay Podrabinek (hereinafter Podrabinek), established prima facie entitlement to judgment as a matter of law on the issue of liability on the first counterclaim, thereby shifting the burden to the plaintiffs to raise a triable issue of fact (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The plaintiffs failed to raise a triable issue of fact as to their liability, and Podrabinek therefore was entitled to summary judgment on that issue (*see, Winegrad v New York Univ. Med. Ctr., supra*). However, the plaintiffs did raise issues of fact concerning whether Podrabinek had failed to credit them with certain payments allegedly made on the obligation which is the subject of the counterclaim, thereby requiring a trial on the issue of damages (*see, Winegrad v New York Univ. Med. Ctr., supra*).

However, we agree with the Supreme Court that dismissal of the first five causes of action in the plaintiffs' complaint, sounding in fraud, was proper, as they were not pleaded with the requisite specificity (*see,* CPLR 3016 [b]; *Priolo Communications v MCI Telecom. Corp.*, 248 AD2d 453). The Supreme Court also properly declined the plaintiffs' request for leave to replead, as the fraud claims do not allege the breach of any duty extraneous to or distinct from the parties' obligations under the contract (*see, Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118). Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.