# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1281

CA 14-00221

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

THOMAS D. AYERS, PLAINTIFF-RESPONDENT-APPELLANT,

V                                              MEMORANDUM AND ORDER

SNYDER CORP., DEFENDANT-APPELLANT-RESPONDENT.
(ACTION NO. 1.)
--------------------------------------------------
THOMAS D. AYERS, PLAINTIFF-RESPONDENT-APPELLANT,

V

CENTER FOR TRANSPORTATION EXCELLENCE, LLC AND
SNYDER CORP., DEFENDANTS-APPELLANTS-RESPONDENTS.
(ACTION NO. 2.)

---

PHILLIPS LYTLE LLP, BUFFALO (JAMES D. DONATHEN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (R. ANTHONY
RUPP, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered November 12, 2013. The order granted the motions of plaintiff for summary judgment in lieu of complaint and granted the cross motion of defendants for a stay of enforcement.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the stay of enforcement of the judgments entered in favor of plaintiff, and as modified the order is affirmed without costs.

Memorandum:  By motions for summary judgment in lieu of complaint pursuant to CPLR 3213, plaintiff commenced these consolidated actions seeking to enforce two promissory notes issued to him by defendants, and defendants asserted counterclaims for breach of fiduciary duty and fraud.  Supreme Court granted plaintiff's motions but also granted defendants' cross motion to stay enforcement of the judgments pending resolution of the counterclaims.  We conclude that the court properly granted plaintiff's motions for summary judgment in lieu of complaint but erred in granting defendants' cross motion.  In their counterclaims, defendants assert that plaintiff, as chief executive officer of Snyder Transportation, LLC, doing business as First Call (First Call), fraudulently concealed that he had submitted forged

Daily Trip Logs to the Attorney General's Medicaid Fraud Control Unit. As plaintiff correctly contends, however, First Call is not a party to this action, and defendants were not harmed by plaintiff's alleged breach of fiduciary duty and fraud.  Thus, there was no basis for the court to conclude that plaintiff is not entitled to payment on the promissory notes.  With respect to the stay, CPLR 3212 (e) (2) provides that, where the court grants partial summary judgment to a party, the court may also direct that "the entry of summary judgment shall be held in abeyance pending the determination of any remaining cause of action."  The court's discretion, however, "is not unlimited, and is to be exercised only if there exists some articulable reason for concluding that the failure to impose conditions might result in some prejudice, financial or otherwise, to the party against whom the partial summary judgment is granted should that party subsequently prevail on the unsettled claims" (*Robert Stigwood Org. v Devon Co.*, 44 NY2d 922, 923).  Here, as the court properly determined, defendants sustained no damages as a result of plaintiff's alleged misconduct, and, thus, there is no basis upon which to stay enforcement of the judgments entered in favor of plaintiff.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court