29-38 Ave. Realty, LLC v New York Food Truck Assn., Inc. (2024 NY Slip
Op 51201(U))

[*1]

29-38 Ave. Realty, LLC v New York Food Truck Assn.,
Inc.

2024 NY Slip Op 51201(U) [83 Misc 3d 136(A)]

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM,
JJ

2022-1002 Q C

29-38 Avenue Realty, LLC,
Appellant/Respondent,
against
New York Food Truck Association, Inc., Doing Business as 
 New York Food Trucking Association, Inc., Respondent/Tenant.
NYFTA, Inc., Nonparty/Nonparty-Appellant. 

Donald Eng, for appellant/respondent.
Belkin, Burden, Goldman, LLP (Martin Meltzer of counsel), for respondent/tenant and
nonparty/nonparty-appellant (no brief filed).

Appeal and cross-appeal from a decision of the Civil Court of the City of New York,
Queens County (Lisa Lewis, J.), dated December 5, 2022, deemed from a final judgment
of that court entered August 17, 2023. The final judgment, insofar as appealed from by
landlord, dismissed the petition in a commercial nonpayment summary proceeding. The
final judgment, insofar as cross-appealed from by nonparty NYFTA, Inc., dismissed its
counterclaims.

ORDERED that, on the court's own motion, the notice of cross-appeal by New York
Food Truck Association, Inc., Doing Business as New York Food Trucking Association,
Inc., is deemed to be by nonparty NYFTA, Inc. (see CPLR 2001; Matter of
Tagliaferri v Weiler, 1 NY3d 605 [2004]; Barbanas v Boodoo, 134 AD3d
970 [2015]); and it is further,
ORDERED that the final judgment is modified by providing that the dismissal of
NYFTA, Inc.'s counterclaims is without prejudice; as so modified, the final judgment is
affirmed, without costs.
Landlord commenced this commercial nonpayment proceeding against "New York
Food [*2]Truck Association, Inc. d/b/a New York Food
Trucking Association, Inc." The lease at issue named New York Food Trucking
Association, Inc. as tenant, but contained references to both that entity and New York
Food Truck Association, Inc. throughout, including directly above lines designated for
the tenant's representative to sign. The lease and attached documents were signed by
Benjamin Goldberg as "duly authorized" to sign on behalf of each entity, as listed above
each signature line. An attorney purported to answer on behalf of both respondent and a
nonparty, NYFTA, Inc., and asserted, among other things, that, while the lease
referenced both New York Food Trucking Association, Inc. and New York Food Truck
Association, Inc. as tenants, "on, and since, the date of execution of the lease, the correct
name of the tenant has been 'NYFTA, Inc.' " Counsel interposed counterclaims on
NYFTA, Inc.'s behalf for the return of the security deposit and constructive eviction.
At trial, Mr. Goldberg identified himself as NYFTA, Inc.'s president. He testified
that New York Food Truck Association, Inc. was not the tenant and denied the existence
of, or any affiliation with, New York Food Trucking Association, Inc., the entity named
in the lease as the tenant. Mr. Goldberg further testified that he had advised landlord that
the tenant was incorrectly named in the lease before it was signed, and had asked that it
be corrected. He claimed, without submitting any supporting documentary evidence, that
he sent landlord a redlined lease with the corrections. Although the lease was not
changed, Mr. Goldberg, represented by counsel, nonetheless signed the lease in several
different places as the authorized representative of New York Food Trucking
Association, Inc. and New York Food Truck Association, Inc. NYFTA, Inc. submitted
into evidence multiple rent checks drawn on NYFTA, Inc.'s bank account, which were
signed by Mr. Goldberg and cashed by landlord. Landlord's officer testified that he
"never knew" that the tenant's name was incorrect on the lease. He claimed that the rent
checks from NYFTA, Inc. did not raise any questions for him because Mr. Goldberg
signed the checks. 
In a decision after trial, the Civil Court acknowledged that, in the answer and at trial,
"respondent" asserted that "respondent was incorrectly named on the lease and that the
correct name of the tenant is NYFTA, Inc." The court further noted that, over the course
of three years, landlord had cashed rent checks drawn on the account of NYFTA, Inc.
Without ultimately deciding who is the tenant, the court concluded that landlord had
"failed to amend the petition to add a necessary party in the action," and thereupon
dismissed the petition. The court also dismissed NYFTA, Inc.'s counterclaims on the
merits.
On appeal, landlord concedes "that no corporation by the name of 'New York Food
Trucking Association Inc.' exists," but asserts that "New York Department of State
records show that there is an active corporation called New York Food Truck
Association Inc." Landlord alleges that it is for the foregoing reason that it named New
York Food Truck Association, Inc., Doing Business as New York Food Trucking
Association, Inc. as the respondent in this proceeding. Landlord's position on appeal is
that New York Food Truck Association, Inc. is the tenant and proper respondent, and
NYFTA, Inc. is not a necessary party to this proceeding.
Under the circumstances presented—including landlord's concession that the
entity [*3]named in the lease as the tenant, New York
Food Trucking Association, Inc., does not exist and its unsupported claim that the entity
named as the respondent in this proceeding, New York Food Truck Association, Inc., is
an active corporation—we take judicial notice of the online New York
Department of State, Division of Corporations, Corporation and Business Entity
Database, which reflects that there is no record in this state of the existence of either
entity named in the petition or the lease (see Matter of LaSonde v Seabrook, 89 AD3d 132 [2011];
Kingsbrook Jewish Med. Ctr. v
Allstate Ins. Co., 61 AD3d 13 [2009]). Since the only respondent named in this
proceeding is an entity that does not exist, the petition was properly dismissed, albeit on a
different ground than that relied upon by the Civil Court.
We note that "a person entering into a contract on behalf of a nonexistent corporate
entity"—here, Mr. Goldberg, who signed the lease—"may be held
personally liable on the contract" (Commissioners of State Ins. Fund v Staulcup, 95 AD3d
1259, 1261 [2012] [internal quotation marks omitted]; see Churong Liu v Gabbay,
219 AD3d 459 [2023]; 2A NY Jur 2d, Agency and Independent Contractors §
341). We further note that the basis for the Civil Court's dismissal of the petition remains
unclear. "[A] summary proceeding, being a possessory remedy, lies only against the
tenant in possession and those in possession under the tenant" (Park Prop. Dev. v Santos, 1
Misc 3d 16, 17 [App Term, 2d Dept, 2d & 11th Jud Dists 2003] [internal
quotation marks omitted]). The Civil Court's decision in this case states that landlord's
error was in failing to "amend the petition to add a necessary party," presumably
NYFTA, Inc., suggesting that both the named lessee and NYFTA, Inc. are required
respondents. However, the Civil Court did not make any actual finding regarding the
status of nonparty NYFTA, Inc. with respect to the subject premises or its relationship
with the entity named in the lease or its principal. 
Finally, with respect to NYFTA, Inc.'s cross-appeal from so much of the final
judgment as dismissed its counterclaims, a nonparty cannot interpose counterclaims
(see CPLR 3019 [a]; Cherney v Pilevsky, 178 AD2d 263 [1991]).
However, it was improper to dismiss the counterclaims on the merits. 
Accordingly, the final judgment is modified by providing that the dismissal of
NYFTA, Inc.'s counterclaims is without prejudice.
BUGGS, J.P., OTTLEY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024