Gomez v Gomez (2025 NY Slip Op 50886(U))

[*1]

Gomez v Gomez

2025 NY Slip Op 50886(U)

Decided on June 2, 2025

Civil Court Of The City Of New York, Kings County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 2, 2025
Civil Court of the City of New York, Kings County

Gerard Gomez, Petitioner

against
Joseph Alfred Gomez; BEVERLY BAILEY; ISAIAH GOMEZ; JOHN DOE; JANE DOE, Respondent.

L&T Index No. 329134-23

The Ottley Law Firm, P.C. (Roland Godfrey Ottley, Esq.) for the petitioner 
Wenig Saltiel LLP (Dan M. Blumenthal, Esq.), for the respondents

Karen May Bacdayan, J.

BACKGROUND AND PROCEDURAL POSTURE
This is a holdover proceeding commenced pursuant to Real Property Law ("RPL") § 228 against the respondents after service of a 30-day notice terminating respondents' tenancy at sufferance. (NYSCEF Doc No. 1, petition ¶¶ 12-13; id. at 6, notice of termination.) The petition was first noticed to be heard on March 28, 2024. Respondents filed a motion on February 6, 2025, seeking summary judgment as a matter of law based upon petitioner's failure to provide the full 30 days notice required by RPL § 228, in that petitioner had mailed the notice one day late pursuant to the service provisions of Real Property Actions and Proceeding Law ("RPAPL") § 735. (NYSCEF Doc No. 22, notice of motion [sequence 2].) Petitioner opposed, arguing that mailing is not required as an element of proper service under RPL 228 which specifically provides for a method of service separate from RPAPL 735. On April 22, 2025, the Hon. Madalina Danescu issued an order denying respondents' motion "in all respects," holding that the service requirements under RPAPL 735 are not applicable to a predicate notice of termination served pursuant to RPL § 228. (NYSCEF Doc No. 31, April 22, 2025 decision and order.) In the decision, the court stated, "The parties will appear before the court on May 7, 2025 at 9:30 am to be sent to part X for trial." (Id. at 9.) Respondents filed a notice of appeal on May 22, 2025. (NYSCEF Doc No. 35, notice of appeal.) The proceeding was transferred to the trial part on May 7, 2025.
Now before the court is respondent's order to show cause seeking an automatic stay and an undertaking pursuant to CPLR § 5519 (a) (6), to prevent "[r]espondents [from] committing or suffering to be committed any waste pending the determination of [r]espondents' appeal[.]" (NYSCEF Doc No. 39, conformed signed order to show cause [motion sequence 3].)
At oral argument, the parties strongly disputed the amount at which an undertaking [*2]should be fixed. Respondents' counsel argues petitioner would be adequately protected by an undertaking set at $173.87 per month, a number derived from the annual property taxes. Petitioner opposes the order to show cause and argues the undertaking should be set at $4,500, the fair market rental value of the subject premises.
For the reasons that follow, the court denies respondent's motion for an undertaking pursuant to CPLR 5519 (a) (6).
DISCUSSION
As recognized in Andrada Owners Corp. v DiGrazia, 38 Misc 3d 1219(A), 2013 NY Slip Op 50153(U), *3 (Civ Ct, NY County 2013), "[D]espite the lack of appellate authority directly on point, many trial courts have held that CPLR § 5519 (a) (6) is applicable to summary proceedings (internal citations omitted)."
The automatic stay provision of CPLR 5519 (a) (6) states in relevant part:
"(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
. . .
6. the appellant or moving party is in possession or control of real property which the judgment or order directs be conveyed or delivered, and an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the value of the use and occupancy of such property, or the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of possession of the property (emphases added)[.]"
An appeal as of "right" lies "from any final or interlocutory judgment except one entered subsequent to an order of the [A]ppellate [D]ivision which disposes of all the issues in the action[.]" (CPLR 5701 [a] [1].) Courts have characterized an undertaking pending an appeal set pursuant to CPLR 5519 (a) (6) as a "mandatory and ministerial" act, and espouse and that a court's sole function is to determine "the amount of the undertaking" to be posted. (Brown v 99 Sutton LLC, 2002 NY Slip Op 40223[U], *2 [Civ Ct, Kings County 2002].)
However, when the appeal is from an interlocutory order, the right to a stay conditioned upon an undertaking is not automatic; and neither is the court mandated to fix one. The Appellate Divisions of all four judicial departments in the State of New York have each eschewed the application of CPLR 5519 to stay proceedings pending appeals of orders issued during a proceeding that are not final and where further action by the court is required to dispose of the controversy.
In Tax Equity Now NY LLC v City of New York, 173 AD3d 464 (1st Dept 2019), the Supreme Court denied the City's motion to dismiss. The City appealed, and the trial court granted their motion for a stay pursuant to CPLR 5519. Disavowing a prior decision "to the [*3]extent it suggests otherwise,"[FN1]
the Appellate Division, First Department affirmed the trial court, based not on its application of CPLR 5519, but rather on the Appellate Division's "inherent authority to grant a discretionary stay of proceedings pending appeal." (Tax Equity Now NY LLC, 173 AD3d at 464.) In so doing, the Appellate Division opined:
"The court should not have granted the . . . defendants' motion for a stay of the proceedings under CPLR 5519(a)(1). The filing of a notice of appeal of an order denying a motion to dismiss does not trigger the automatic stay with respect to litigation obligations provided for in the CPLR, such as the obligation to answer and comply with discovery requests. . . . While the automatic stay applies to stay 'proceedings to enforce the judgment or order appealed from pending the appeal,' which include executory directions that command a person to do an act beyond what is required under the CPLR, the automatic stay does not extend to matters that are the 'sequelae' of granting or denying relief." (Id. at 464-464 [internal citations omitted] [emphasis added].)
In other words, when an order "merely denies a motion for summary judgment or to strike the case from the calendar, an appeal from that order will not stay a trial which is a consequence of the order but is not directed by it." (Matter of Pokoik v Department of Health Servs. of County of Suffolk, 220 AD2d 13, 15-16 [2d Dept 1996] [internal citations omitted]; see also Walker v Delaware & Hudson R.R. Co., 120 AD2d 919, 919-920 [3rd Dept 1986] [denying motion to vacate stay imposed pursuant to 5519 [c] as "unnecessary," as appeal was taken from a partial denial of summary judgment, not a proceeding to enforce a judgment]; Baker v Bd. of Educ. of W. Irondequoit Sch. Dist., 152 AD2d 1014, 1014 [4th Dept 1989] ["Neither a discretionary stay nor an automatic stay under CPLR 5519 stays all proceedings in the action; it stays only proceedings to enforce the order or judgment appealed from."] [internal citations omitted].)
Trial courts uniformly apply the principals advanced in the appellate cases, supra. In Carr v Blasio, 2020 NY Slip Op 34251[U] (Sup Ct, NY County 2020), respondent opposed an order to show cause filed by the petitioner "directing that such further proceedings as this [c]ourt deems just and proper move forward before the [c]ourt while [r]espondents' appeal is pending[.]" (Blasio, 2020 NY Slip Op 34251[U], *3 [internal quotation marks omitted].) The Blasio court noted that a stay pursuant to CPLR 5519 was not appropriate because the order appealed from had "simply determined that a hearing is warranted, but did not issue any directives with respect [to] the hearing, such as the date of the hearing or the persons to appear and testify at the hearing." (Id. *8.) Distilling the holdings in Pokoik and Tax Equity, the Blasio court was persuaded that "a notice of appeal from an order denying a motion to dismiss or for summary judgment will neither stay a trial nor the obligations to answer and comply with discovery requests." (Id. *9; see also Barahona v Marcus, 2021 NY Slip Op 32950[U] [Sup Ct, NY County 2021] [citing to Tax Equity and holding that "discretionary, as well as automatic, stay provisions of CPLR 5519 apply only to stays of proceedings to enforce the judgment or order [*4]appealed from pending the appeal."] [internal quotation marks omitted]; Plowden v Manganiello, 143 Misc 2d 446, 448 [Sup Ct, Bronx County 1989] ["The entire structure of CPLR 5519 relies on the premise that a stay affects only the immediate order or judgment involved, not any other order in the same case."] [internal citations omitted].)
Here, as in Blasio, the interlocutory order from which respondent appeals merely adjourned the proceeding for an appearance in the resolution part where respondent's motion had been heard and denied. The court indicated that the purpose of the appearance was for the proceeding to be transferred to a trial part where a pre-trial conference would be held. Neither party was directed to perform some act outside the normal course of this proceeding. Under these circumstances and pursuant to the foregoing analysis, the court has no mandate to grant a stay pending appeal, conditional or otherwise.
CONCLUSION
Accordingly, upon the foregoing cited papers, it is hereby
ORDERED that respondent's motion is DENIED.
The parties shall appear in Room 602, Part R, of the Kings County Housing Court on July 17, 2025 at 9:30 a.m. for a pre-trial conference.
This constitutes the decision and order of this court.
Dated: June 2, 2025
Brooklyn, NY
HON. KAREN MAY BACDAYAN
Judge, Housing Part

Footnotes

Footnote 1:Eastern Paralyzed Veterans Assn. v Metro. Transp. Auth., 79 AD2d 516 (1st Dept 1980) (finding a notice of appeal, filed prior to when appellants were required under CPLR 3211 (f) to file an answer, stayed the order denying a motion to dismiss and thus appellants should not have directed answer to be served pending determination of the appeal of the order.)